UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Kevin Kasten and James Poole,
individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

Saint-Gobain Performance Plastics Corporation,

    Defendant.

Court File No. 07 C 0449 S

**COLLECTIVE AND CLASS
ACTION COMPLAINT
(JURY TRIAL DEMANDED)**

---

Plaintiffs, by their attorneys Nichols Kaster & Anderson PLLP, and Fox & Fox, S.C., bring the following action for violation of the Fair Labor Standards Act, Wisconsin state law, and other common law claims. Plaintiffs state the following against Defendant:

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims.

2. Venue is proper because the events or omissions giving rise to the claims occurred in the Western District of Wisconsin.

## PARTIES

3.  Defendant Saint-Gobain Performance Plastics Corporation ("Saint-Gobain PPL") is a corporation that manufactures a variety of structural and high-performance materials (ceramics, glass, plastics, silicone, etc.), with its principle place of business in Ohio and its registered address is 2664 Gilchrist Road, City of Akron, State of Ohio. Saint-Gobain PPL operates a facility in Portage, Wisconsin.

4.  Plaintiffs Kevin Kasten and James Poole are individuals who are or were employed by Defendant's facility in Portage, Wisconsin.

5.  Plaintiffs bring this action on behalf of themselves and all other current and former individuals working at Defendant's Portage, Wisconsin facility who are similarly situated.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

6.  Plaintiffs and similarly situated individuals have been employed within the past three years at Defendant's facility in Portage, Wisconsin. This work primarily involves the manufacturing of silicone products, such as medical equipment and cooking utensils.

7.  Defendant requires Plaintiffs and similarly situated individuals to wear certain protective gear while performing their jobs. The purpose of the gear is to prevent particles from damaging the products Defendant manufactures. The required gear typically includes a gown or a full body suit, steel toed shoes, a hair net and a beard guard.

2

8. Plaintiffs and the similarly situated individuals are hourly employees who must clock-in prior to beginning their work shift.

9. Plaintiffs and similarly situated individuals performed unpaid work at the beginning of each shift before clocking in and again before clocking back in after their lunch breaks, including, but not limited to, donning the protective gear and sanitizing their hands. Plaintiffs and similarly situated individuals also performed unpaid work at the end of the morning before lunch and at the end of the work day, including, but not limited to, doffing the protective gear after clocking out.

10. The amount of uncompensated time Plaintiffs and similarly situated individuals spend or have spent on mandatory work activities amounts to at least 15 to 20 minutes per day per person. Each person engaged in the same donning and doffing activities, and wears substantially the same protective gear, on a daily basis.

11. These unpaid work activities were regularly and uniformly conducted on Defendant's premises.

12. These unpaid work activities were required by and were solely for the benefit of Defendant.

13. There was little variance in the amount of uncompensated time spent by Plaintiffs and the similarly situated individuals performing these activities, and the task of recording the time spent on them does not pose a significant administrative burden to Defendant.

14. Upon information and belief, in December 2006, Defendant moved the time clocks Plaintiffs and the similarly situated individuals use so that employees must now clock in before engaging in the activities described herein and must now clock out after such activities.

## CLASS ACTION ALLEGATIONS FOR WISCONSIN STATE CLAIMS

15. Plaintiffs file this action on behalf of themselves and on behalf of all individuals similarly situated. The proposed class is defined as follows: all individuals performing manufacturing and/or production work at Defendant's Portage, Wisconsin facility during any time within the past three years, and who are not exempt from the coverage of Wisconsin Stat. § 109.01 *et seq.* or Wisconsin Administrative Code §§ 272.01 *et seq.* and/or 274.01 *et seq.*

16. This action is properly maintainable as a class action under the Federal Rules of Civil Procedure, Rule 23, because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defense of the representative parties are typical of the claims or defenses of the class, the representative parties will fairy and adequately protect the interest of the class, and a class action is superior to other methods of resolution for this action.

17. The members of the class identified above are so numerous that joinder of all members is impracticable. The exact number of the class is unknown, but may be determined from records maintained by Defendant. Upon information and belief, there

are approximately 250 or more employees currently working at Defendant's Portage, Wisconsin facility who are members of the class.

18. There are numerous and substantial questions of law and fact common to all of the members of the Class including, but not limited to, the following:

   a. Whether Defendant violated the requirements of Wisconsin Statute §109.03(1), Wisconsin Administrative Code sections DWD 272.03(1m), DWD 274.03, and/or DWD 272.04(1) by not paying Plaintiffs or class members for the time they spend/spent donning/doffing and sanitizing their hands;

   b. Whether the Defendant's actions were willful; and

   c. Whether Defendant's actions constitute breach of contract, quantum meruit, or unjust enrichment.

19. Defendant is expected to raise common defenses to this class action, including denial that their actions violated the law.

20. The Named Plaintiffs will fairly and adequately protect the interests of the Class and they have retained counsel experienced and competent in the prosecution of complex litigation.

21. The claims of the Named Plaintiffs, set forth under Counts I thru VI of this complaint, are typical of the claims of the Class. The Named Plaintiffs have the same interest and suffer from the same injury as the class members. The Named Plaintiffs and

the class they seek to represent are/were not paid for the time they spend/spent donning and doffing protective gear or sanitizing their hands prior to clocking in.

22. Upon information and belief, no member of the Class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action upon receipt of the class action notice pursuant to the Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

23. Plaintiffs are unaware of any other litigation concerning this controversy commenced by or for other class members.

24. Litigation should be concentrated in this forum because the class members are or were employed at Defendant's Portage, Wisconsin facility, which is located within this forum.

25. The Court has the resources and abilities to effectively manage this class action.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiffs and similarly situated individuals re-allege paragraphs one through twenty-five of the complaint as if repeated completely.

27. Plaintiffs and similarly situated individuals are similarly situated within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

28. Plaintiffs and similarly situated individuals have given their consent to become parties to this lawsuit against Defendant as required by 29 U.S.C. § 216(b). (See attached Exhibit A.)

29. Plaintiffs and similarly situated individuals are employed, or have been employed, by Defendant during the past three years in an enterprise engaged in commerce and in the production of goods for commerce, as these terms are used in sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-07.

30. The FLSA, 29 U.S.C. § 206, requires employers to pay employees a minimum wage for all hours worked. Section 207 further requires employers to pay employees one and one-half times the regular rate at which they are employed for all hours worked over forty hours per workweek.

31. Section 216(b) of the FLSA makes employers who violate §§ 206 and 207 liable to the affected employees in the amount of the employees' unpaid wages, liquidated damages, costs, and attorneys fees.

32. Defendant has violated the minimum wage and overtime wage requirements of the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for their time spent on the work activities described in this complaint.

33. Defendant knew, or showed reckless disregard for, the fact that it violated the FLSA by failing to pay Plaintiffs and similarly situated individuals either minimum wages or overtime wages for the work activities described in this complaint.

34. These violations occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

35. Plaintiffs and similarly situated individuals suffered damages as a result of Defendant's violations of the FLSA.

## COUNT II

### VIOLATION OF WISCONSIN STATUTE § 109.03, WISCONSIN ADMINISTRATIVE CODE §§ DWD 272.03

36. Plaintiffs and class members re-allege paragraphs one through thirty-five of the complaint as if repeated completely.

37. Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23 for certification and maintenance of a class action.

38. Wis. Stat. § 109.03 requires employers to pay employees "all wages earned by the employee to a day not more than 31 days prior to the date of payment" and creates a private right of action for an employee against any employer for the full amount of the employee's wages due.

39. Wisconsin Administrative Code § DWD 272.03 requires employers to pay all employees a minimum wage for each hour worked.

40. Defendant, Plaintiffs, and class members are "employer" and "employees" for purposes of the Wisconsin wage and hour laws.

41. Defendant has violated Wisconsin Statute §109.03 and Wisconsin Administrative Code § DWD 272.03 by regularly and repeatedly failing to compensate

Plaintiffs and class members for the time spent on the work activities described in this complaint.

42. Plaintiffs suffered damages as a result of Defendant' violations of Wisconsin law.

## COUNT III

### VIOLATION OF WISCONSIN ADMINISTRATIVE CODE § DWD 274.03

43. Plaintiffs and class members re-allege paragraphs one through forty-two of the complaint as if repeated completely.

44. Wisconsin Administrative Code § DWD 274.03 requires employers to pay all employees a overtime pay at a rate of one-half the regular rate of pay for all hours worked in excess of 40 per week.

45. Defendant violated Wisconsin Administrative Code § DWD 274.03 by regularly and repeatedly failing to compensate Plaintiffs and class members overtime pay for the time spent on the work activities described in this complaint in excess of 40 hours per week.

46. Plaintiffs suffered damages as a result of Defendant's violations of Wisconsin law.

## COUNT IV

### VIOLATION OF WISCONSIN ADMINISTRATIVE CODE § DWD 272.04(1)

47. Plaintiffs and class members re-allege paragraphs one through forty-six of the complaint as if repeated completely.

9

48. Wisconsin Administrative Code § DWD 272.04(1) requires employers to pay all employees for "on duty" meal periods, defined as a "one where the employer does not provide at least 30 minutes free from work."

49. Defendant violated Wisconsin Administrative Code § DWD 272.04(1) by regularly and repeatedly failing to compensate Plaintiffs and class members for "on duty" meal periods.

50. Plaintiffs suffered damages as a result of Defendant' violations of Wisconsin law.

## COUNT V

### BREACH OF CONTRACT

51. Plaintiffs and class members re-allege paragraphs one through fifty of the complaint as if repeated completely.

52. Defendant has entered into an employment contract, express or implied, with Plaintiffs and class members, under which Plaintiffs and class members were to be paid for the work performed for the benefit of Defendant.

53. Defendant breached this contract.

54. As a result, Plaintiffs and class members have suffered economic damages.

## COUNT VI

### UNJUST ENRICHMENT

55. Plaintiffs and class members re-allege paragraphs one through fifty-four of the complaint as if repeated completely.

56. The performance of the donning and doffing activities conveys a benefit to Defendant, which it has knowingly received.

57. Defendant was not entitled to this benefit, and retaining it, without paying for it, would be unjust to Plaintiffs and class members.

58. Consequently, Plaintiffs and class members are entitled to recover the reasonable value of the benefit conveyed to Defendant by the performance of the donning and doffing activities.

## COUNT VII

## QUANTUM MERUIT

59. Plaintiffs and class members re-allege paragraphs one through fifty-eight of the complaint as if repeated completely.

60. Defendant benefited and continues to benefit from the performance of the donning and doffing activities by Plaintiffs and class members. Specifically, the protective gear Plaintiffs and class members are required to wear and the requirement that Plaintiffs and class members sanitize their hands is necessary to ensure proper manufacturing of Defendant's products.

61. Plaintiffs and class members are entitled to recover the reasonable value of the work they performed in donning and doffing protective gear and sanitizing their hands.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the class, pray for relief as follows:

1. Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2. An equal amount to the unpaid back wages as liquidated damages;

3. An award of prejudgment interest (to the extent liquidated damages are not awarded);

4. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5. All legal and equitable relief available under Wisconsin Statutes and Administrative Code;

6. Compensatory damages;

7. The reasonable value of the services performed for, or the benefit conveyed to, Defendant as described in this complaint;

8. Costs and attorneys' fees; and

9. Such further relief as the Court deems equitable and just.

Dated: _Aug 8, 07_

NICHOLS KASTER & ANDERSON, PLLP

By _/s/_
James H. Kaster
(WI Bar No. 1001474)
(MN Bar No. 53946)
Sarah M. Fleegel
(*application for admission pending*)
(MN Bar No. 34557X)
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878

FOX & FOX, S.C.
Michael R. Fox
(WI Bar No. 01015173)
Randall B. Gold
(WI Bar No. 1034435)
124 West Broadway
Monona, Wisconsin 53716
Telephone: 608-258-9588
Facsimile: 605-258-9105

ATTORNEYS FOR PLAINTIFFS

13

## Saint-Gobain, Inc.
## Plaintiff Consent Form

'007 AUG 15 AM 9: 02

I hereby consent to join a lawsuit against Saint-Gobain, Inc. (Saint-Gobain) as a plaintiff to assert claims against it for violations of the Fair Labor Standards Act and other applicable state laws. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against Saint-Gobain for occasions where I did not receive compensation for all my time worked, including time spent putting on or removing protective equipment or clothing.

_Kevin Kaster_  _7/11/07_
Signature        Date

_Kevin Kaster_
Print Name

**07 C 0449 S**

**Mail or fax to:**
Nichols Kaster & Anderson, PLLP (attn: Sarah Fleegel)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Fax: 612-338-4878
Phone: 612-256-3200 or toll-free 1-877-448-0492



EXHIBIT A



REDACTED

# Saint-Gobain, Inc.
# Plaintiff Consent Form

I hereby consent to join a lawsuit against Saint-Gobain, Inc. (Saint-Gobain) as a plaintiff to assert claims against it for violations of the Fair Labor Standards Act and other applicable state laws. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against Saint-Gobain for occasions where I did not receive compensation for all my time worked, including time spent putting on or removing protective equipment or clothing.

_____  5/12/07
Signature                  Date

JAMES POOLE
Print Name


Mail or fax to:
Nichols Kaster & Anderson, PLLP (attn: Sarah Fleegel)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Fax: 612-338-4878
Phone: 612-256-3200 or toll-free 1-877-448-0492

REDACTED