```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KEVIN KASTEN and JAMES POOLE,

                    Plaintiffs,
                                                  MEMORANDUM AND ORDER
         v.
                                                      07-cv-449-jcs
SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION,

                    Defendant.
_____
```

Plaintiffs Kevin Kasten ("Kasten") and James Poole ("Poole") individually and on behalf of others similarly situated (collectively "plaintiffs") commenced this action against defendant Saint-Gobain Performance Plastics Corporation ("SGPP") alleging that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Wisconsin wage statutes and regulations, Wis. Stat. § 109.03 and Wis. Admin. Code DWD §§ 272.03, 272.04(1), 274.03, and state common law, specifically alleging breach of contract, unjust enrichment and quantum meruit. Jurisdiction for plaintiffs' FLSA claims are based on 28 U.S.C. § 1331 and jurisdiction for state claims falls under the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The matter is currently before the Court on defendant's motion to dismiss plaintiffs' state common law claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. The following facts are based on the pleadings and all reasonable inferences are drawn in favor of plaintiffs.

## BACKGROUND

Plaintiffs are current and former employees of defendant SGPP having been employed within the last three years. SGPP's principle place of business is in the state of Ohio but it operates a manufacturing facility in Portage, Wisconsin. Plaintiffs work or worked at defendant's Portage facility.

Defendant manufactures silicone products and in order to prevent particles from damaging such products plaintiffs are required to wear certain protective gear while performing their jobs. As hourly employees plaintiffs are required to clock-in prior to beginning their work shifts and clock-out after finishing their work shifts. Before clocking in plaintiffs were required to don their protective gear and sanitize their hands and plaintiffs were required to clock out before doffing their protective gear. Plaintiffs estimate that they each spent at least 15 to 20 minutes per day donning and doffing their protective gear.

Plaintiffs believe they should have been paid for the time spent donning and doffing their protective gear because such actions are work activities required by and solely for the benefit of defendant. Plaintiffs brought this suit alleging that defendant's failure to pay them for such work activities violated the FLSA, Wisconsin statutes and Wisconsin common law. Plaintiffs seeks unpaid back wages and applicable overtime rates.

MEMORANDUM

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997) (citing Fed. R. Civ. P. 12(b)(6)). Dismissal is appropriate when plaintiff's complaint fails to provide enough factual allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, --- U.S. ----, ----, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); see also E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007). Furthermore, courts will accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. Jackson v. E.J. Brach Corp, 176 F.3d 971, 977-78 (7th Cir. 1999) (citation omitted).

Defendant argues that plaintiffs' state common law claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted because the FLSA preempts such state common law claims. Conversely, plaintiffs argue that the FLSA has not preempted asserting state common law claims along with FLSA claims but instead pleading such state common law claims and FLSA claims together is permitted by Federal Rule of Civil Procedure 8(e)(2) as alternative pleadings.

3

In this case, defendant does not disagree that plaintiffs have provided sufficient facts to state claims for relief on their separate claims.  Instead the central issue raised by defendant is whether the FLSA preempts the use of state common law claims to obtain relief when the facts upon which both the state common law and FLSA claims are based are the same.  However, defendant's use of the term "preempt" to describe the FLSA's effect on state common law claims is somewhat misleading as defendant fails to provide any semblance of a preemption analysis[1] to support its argument.  Instead, the crux of defendant's preemption argument appears to be that plaintiffs' common law claims are mere duplicates of their FLSA and state statutory claims and being as such the common law claims should be dismissed as "preempted" by the federal and state statutes.

As plaintiffs correctly point out, Federal Rule of Civil Procedure 8(e)(2) permits a party to plead alternative theories of relief under both legal and equitable grounds, even if the theories

---

[1] Instead of providing preemption analysis defendant argues in conclusory fashion that the FLSA is the "sole remedy available to employees for recovering unpaid minimum overtime wages" (Def.'s Mem. Mot. to Dismiss 4) and then cites mere persuasive authority in the form of district court cases and one circuit court case to support its preemption assertion (Id.).  Plaintiffs counter defendants persuasive authority with their own string cite to persuasive authority in the form of district and circuit court cases to argue against preemption.  (Pls.' Mem. Opposing Def.'s Mot. to Dismiss 9-10.)  Despite none of the cases being binding precedent, the Court believes its order follows the more persuasive reasoning among the cited authorities.

are inconsistent. See Marquez v. Partylite WorldWide, Inc., No. 07-C-2024, 2007 WL 2461667, at *6 (N.D. Ill. Aug. 27, 2007) (citing Cromeens, Holloman, Sibert, Inc. v. AB Volvo, 349 F.3d 376, 397 (7th Cir. 2003)(discussing the doctrine of pleading in the alternative)). Plaintiffs have done nothing more than plead alternative theories of relief by pleading their state common law claims along with claims under the FLSA and Wisconsin state statutes. Although plaintiffs would not be able to obtain double recovery under all their claims they are free to plead such alternative theories. Accordingly, plaintiffs have merely pled state common law claims as alternative theories of recovery based on the same facts as their claims under federal and state statutes, which means that dismissal of their common law claims is inappropriate.

## ORDER

IT IS ORDERED that defendant's Rule 12(b)(6) motion to dismiss plaintiffs' state common law claims for breach of contract, unjust enrichment and quantum meruit is DENIED.

Entered this 7th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge`