IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KEVIN KASTEN and JAMES POOLE,

        Plaintiffs,

                                    MEMORANDUM AND ORDER

   v.                                      07-cv-449-jcs

SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION,

        Defendant.
_____

Plaintiffs Kevin Kasten ("Kasten") and James Poole ("Poole") individually and on behalf of others similarly situated (collectively "named plaintiffs") commenced this action against defendant Saint-Gobain Performance Plastics Corporation ("SGPP") alleging that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Wisconsin wage statutes and regulations, Wis. Stat. § 109.03 and Wis. Admin. Code DWD §§ 272.03, 272.04(1), 274.03, and state common law, specifically alleging breach of contract, unjust enrichment and quantum meruit. To date an additional forty-three other workers have opted into the lawsuit as unnamed plaintiffs (collectively "opt-in plaintiffs"). Jurisdiction for plaintiffs' FLSA claims is based on 28 U.S.C. § 1331 and jurisdiction for state claims falls under the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The matter is currently before the Court on named plaintiffs' motion for conditional class certification and judicial notice. The following

facts are based on plaintiffs allegations and affidavits and are pertinent to the pending motion.

## BACKGROUND

Named plaintiffs and opt-in plaintiffs (collectively "plaintiffs") are current and former employees of defendant SGPP having been employed within the last three years. SGPP's principle place of business is in the state of Ohio but it operates a manufacturing facility in Portage, Wisconsin. Plaintiffs work or worked at defendant's Portage facility.

Defendant manufactures silicone products and in order to prevent particles from damaging such products plaintiffs are required to wear certain protective gear while performing their jobs. As hourly employees plaintiffs are required to clock-in prior to beginning their work shifts and clock-out after finishing their work shifts. Before clocking in plaintiffs were required to don their protective gear and sanitize their hands and plaintiffs were required to clock out before doffing their protective gear. Plaintiffs' estimates of the time they spent each day donning and doffing their protective gear, which included time spent donning and doffing before and after their unpaid lunch break, varied from 7 minutes to 20 minutes.

Plaintiffs believe they should have been paid for the time spent donning and doffing their protective gear because such actions are work activities required by and solely for the benefit

of defendant. Plaintiffs brought this suit alleging that defendant's failure to pay them for such work activities violated the FLSA, Wisconsin statutes and Wisconsin common law. Plaintiffs seek unpaid back wages and applicable overtime rates. Based on these alleged facts, plaintiffs are requesting that the Court (1) conditionally certify this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b), for all individuals who performed manufacturing and/or production work at SGPP's Portage, Wisconsin facility during any time between August 15, 2004 and December 31, 2006, paid hourly by SGPP or by a temporary employment agency and (2) Court approval of plaintiffs' notice to be sent out to similarly situated individuals.

MEMORANDUM

## I. FLSA collective action conditional certification

Under 29 U.S.C. § 216(b) an employee may bring an FLSA claim "in behalf of himself . . . and other employees similarly situated." However, collective actions under the FLSA differ from ordinary class actions brought under Federal Rule of Civil Procedure 23 because if similarly situated employees do not "opt-in" to the FLSA action then they are not bound by the judgment. See King v. Gen. Elec. Co., 960 F.2d 617, 621 (7th Cir. 1992) (discussing the application of the FLSA's enforcement provisions under 29 U.S.C. § 216 as incorporated into the Age Discrimination and Employment Act). To "opt-in" a similarly situated employee

must sign a written consent form and the form must be filed with the court. 29 U.S.C. § 216(b). Furthermore, the FLSA collective action "opt-in" procedure preempts the ordinary class action procedure under Rule 23. See id.

Before a court authorizes the sending of notice to potential plaintiffs in an FLSA action it must determine whether the representative plaintiff has demonstrated that it is "similarly situated" to the potential class of plaintiffs. Austin v. Cuna Mut. Ins. Soc'y, 232 F.R.D. 601, 605 (W.D. Wis. 2006). The text of the FLSA, the Supreme Court and the Seventh Circuit do not provide a method for determining whether potential plaintiffs are similarly situated to representative plaintiffs. Id. However, many other federal courts, including the Western District of Wisconsin, have followed a two-step approach. Id. (citations omitted).

The first step requires the named plaintiffs to demonstrate a reasonable basis for believing that they are similarly situated to potential plaintiffs. Id. This step requires only a modest factual showing by named plaintiffs that can connect them "to other potential plaintiffs as victims of an unlawful practice." Id. at 605-06 (citation omitted). Once this showing is made a court conditionally certifies the collective action, authorizes notice and the parties conduct discovery. Id.

The second step takes place at the end of discovery when the defendant is permitted to motion the court for decertification.

Id.  If the court finds that any of the "opt-in" plaintiffs are not similarly situated to the originally named plaintiffs then it is free to dismiss the "opt-in" plaintiffs without prejudice.  Id.  Otherwise, the case proceeds to trial as a collective action.  Id.

In this case, defendant argues that named plaintiffs have not demonstrated even a reasonable basis to support that they are similarly situated to other potential plaintiffs.  Conversely, named plaintiffs' argue that they provided a reasonable basis to support that they are similarly situated to potential plaintiffs, who would be considered all individuals who performed manufacturing and/or production work at SGPP's Portage, Wisconsin facility during any time between August 15, 2004 and December 31, 2006, paid hourly by SGPP or by a temporary employment agency.  As noted in Austin, named plaintiffs need only make a modest factual showing to prove that they are similarly situated to potential plaintiffs.  232 F.R.D. at 605.

Named plaintiffs have demonstrated the required reasonable basis showing that they are similarly situated to potential plaintiffs.  Named plaintiffs have made a modest factual showing that they and potential plaintiffs were required to don protective gear before clocking in and to doff protective gear before clocking out and that they were not paid for time spent donning and doffing. Defendants concerns about the different positions, shifts and/or work areas involved are issues that are addressed during the second

step when defendant is permitted to motion the court for decertification by proving that opt-in plaintiffs are not similarly situated to named plaintiffs. Accordingly, plaintiffs motion for conditional certification as a collective FLSA action will be granted.

**II. Court authorized notice**

When a court is handling a collective action under 29 U.S.C. § 216(b) it "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170-71, 110 S. Ct. 482m 197 L. Ed. 2d 480 (1989). Part of this managerial responsibility is involvement in the notice process for potential plaintiffs. Id. at 171. Accordingly, "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." Id. at 172.

In this case, plaintiffs provided the Court with a copy of their proposed notice and consent form. Both are acceptable. However, it is not necessary that the Court sign all the notices and the signature line for the Court should be removed. As for the deadlines surrounding the notice, the Court orders (1) that the notice and consent forms are to be mailed to potential plaintiffs by January 25, 2008 and (2) that all opt-in plaintiffs must have their consents filed with the Court on or before March 10, 2008.

Kevin Kasten, et al. v. Saint-Gobain Performance Plastics Corp.
Case No. 07-cv-449-jcs

ORDER

IT IS ORDERED that plaintiffs' motion to conditionally certify plaintiffs' FLSA claims as a collective action is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for Court authorization of their proposed notice and consent form is GRANTED in accordance with the changes and deadlines mandated by this order.

Entered this 17th day of January, 2008.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge