## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

Kevin Kasten and James Poole
individually and on behalf of others                          Case No. 07-C-0449-S
similarly situated,

        Plaintiffs,

v.

Saint-Gobain Performance Plastics Corporation,

        Defendant.

---

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

---

### INTRODUCTION

Plaintiffs bring this Motion for Leave to Amend the Complaint to: (1) incorporate claims resulting from Defendant's unlawful time clock rounding practices, punch time editing practices, and automatic lunch break deductions, and (2) expand the scope of the putative class to include all hourly-paid non-exempt workers who have worked at Defendant's Portage, Wisconsin plant until the present time.[1]  To ensure that these claims can be adequately litigated, Plaintiffs also move the Court to amend the Scheduling Order.  Plaintiffs' Motion should be granted, as it preserves the statute of limitations for the proposed putative collective and class action members, conserves scarce judicial resources and the resources of the parties by adjudicating similar claims in one action,

---

[1] A copy of Plaintiffs' proposed First Amended Complaint, along with all Exhibits and unpublished decisions, is attached to the Affidavit of Jessica J Clay.

prevents the undue delay which would result from adjudicating these claims through a separate action, and does not cause prejudice toward Defendants.

### FACTUAL AND PROCEDURAL SUMMARY

**A. The Original Complaint Included Claims Resulting From Defendant's Unlawful Failure to Compensate Individuals for Time Spent Donning and Doffing Gear for Defendant's Benefit.**

On August 15, 2007, Plaintiffs Kevin Kasten and James Poole brought this collective action under the Fair Labor Standards act ("FLSA") on behalf of themselves and similarly situated individuals who did not receive pay for the time they spent donning and doffing gear and sanitizing their hands at Defendant's Portage, Wisconsin plant prior to 2007. (Ex. 2.) Additionally, the original Complaint includes Rule 23 class action claims based on Wisconsin State statutory minimum wage and overtime, and meal and rest break requirements. (Id.) Finally, the Complaint alleges alternative Rule 23 class action Wisconsin State common law claims of Breach of Contract, Unjust Enrichment, and Quantum Meruit. (Exs. 2 and 3.)

**B. Information Obtained During Discovery Supports the Allegations in the Original Complaint.**

The factual allegations in the original Complaint have been confirmed and further clarified through the discovery process. Defendant requires Plaintiffs and similarly situated individuals to don and doff various protective gear and sanitize their hands for Defendant's benefit, in an effort to protect Defendant's product and enable workers to perform their assigned duties. (Deposition of Mark Stacey at 32-33; Deposition of Daniel Tolles at 17.)

Prior to December 11, 2006, manufacturing and production workers at the Portage plant were required to don protective gear prior to punching in for their shifts, and doff protective gear after clocking out at the end of their shifts. (Deposition of Dennis Brown at 33; Deposition of Lani Williams at 17-18.) Because they were generally paid based on the time that they punched in and out for their shifts, they were not paid for this donning and doffing time. (Brown Depo. at 33; Williams Depo. at 18.)

However, on or around December 11, 2006, Defendant placed time clocks near the employee entrance, so that workers could clock in prior to donning protective gear, and clock out after doffing protective gear. (Brown Depo. at 44; Ex. 9.) Thereafter, Defendant considered Plaintiffs and similarly situated individuals' donning and doffing time compensable. (Stacey Depo. at 32-33.)

## C. The Court Grants Plaintiffs' Motion for Conditional Class Certification and Judicial Notice.

On January 17, 2008, the Court granted Plaintiffs' motion for judicial notice and conditional class certification of the collective FLSA claim derived from uncompensated donning and doffing time. (Ex. 9.) Because the exact date the time clocks were placed near the employee entrance had not yet been confirmed, the conditional class was defined as follows:

> All individuals who performed manufacturing and/or production work at Saint-Gobain Performance Plastics Corporation' Portage, Wisconsin facility during any time between August 15, 2004 and December 31, 2006, paid hourly by Saint-Gobain Performance Plastics Corporation or by a temporary employment agency.

(Exs. 9; 10.)    At this time, the period for judicial notice has closed, over one hundred fifty (150) other workers have joined the named Plaintiffs by filing consent forms with the Court consistent with section 216(b) of the FLSA.   (See Clay Aff. ¶3.)

## D. Discovery Yields Additional Facts Supporting Claims in the Proposed Amended Complaint.

In the process of discovery, Defendant has disclosed evidence of three additional unlawful practices, which result in violations of the same laws, and give rise to claims similar to those alleged in the original Complaint.   These unlawful practices are the subject of the proposed amendments to the Complaint.  (Ex. 1.)

First, Defendant continues a long-standing practice of rounding non-exempt workers' time punches consistently against the Portage plant workers and in favor of Defendant.  (Deposition of Mary Lou DeSimone, 28-32.)   If a worker punches in ten minutes or less prior to the scheduled start time of the shift, the worker's time is rounded to the start time of the scheduled shift regardless of whether work is performed.  (Id.)  If a worker punches out ten minutes or less after the scheduled end time of the shift, the worker's time is rounded to the end time of the scheduled shift regardless of whether work is performed.  (Id.)  However, if a worker punches in late or punches out early, the worker is paid to the minute of the punch.  (Id.)

Second, Defendant edits the documented punch times of its workers to reflect the amount of time Defendant is willing to pay for work performed.  (Id. at 27-28.)   If a worker performs services for Defendant which require work beyond the scheduled shift time, but does not have prior supervisor approval, Defendant may change the documented

time worked to reflect the scheduled shift period only.  (See id at 27-32.)  This is true regardless of the actual time an individual worked for Defendant.  (See id.)

Third, Defendant automatically deducts thirty minutes per shift from each worker's pay for lunch breaks, regardless of whether the worker actually received a full thirty-minute lunch break.  (DeSimone Depo. at 37; Stacey Depo. at 17; Williams Depo. at 63; Brown Depo. at 52.)  The only exception to this rule is that one of the five shifts has a twenty-minute paid lunch break.  (Williams Depo. at 62; Brown Depo. at 52.)

**E. Plaintiffs' Proposed Amendments to the Complaint Incorporate Claims Resulting From Defendant's Unlawful Time Clock Rounding Practices, Punch Time Editing Practices, and Automatic Lunch Break Deductions.**

On February 27, 2008, Plaintiffs sent Defendant a copy of a proposed Amended Complaint, and requested that Defendant stipulate to the amendments.  (Ex. 12.)  The proposed amendments included claims on behalf of non-exempt manufacturing and production workers at the Portage plant who were subject to Defendant's time clock rounding practices and automatic lunch break deductions.  On March 3, 2008, Defendant declined to stipulate to the amendments.  (Ex. 13.)

Since that time, Plaintiffs have become aware that non-exempt workers at the Portage plant who did not conduct manufacturing and production were are subject to the same rounding practices, time editing process, and automatic lunch break deductions.  (Clay Aff. ¶ 4.)  The proposed Amended Complaint was therefore revised to incorporate claims on behalf of these individuals.  (Ex. 1.)  The proposed amended class definitions differ from the original class definitions in two primary ways: (1) the applicable time frame is extended to the present date, rather than ending on December 31, 2006 as

explained in the Memorandum in Support of Plaintiffs' Motion for Conditional Class Certification; and (2) all hourly-paid employees are included, rather than strictly manufacturing and production workers.[2]   (Ex. 16.) Because Defendant declined to stipulate to the previously proposed amendments, Plaintiffs have not requested that Defendant stipulate to the revised Amended Complaint, because doing so would be futile. Plaintiffs therefore file this Motion for Leave to Amend the Complaint to incorporate the claims described above.

**F.  The Scheduling Order Incorporates Deadlines Which Would Be Difficult to Meet in Light of the Additional Proposed Claims.**

On September 18, 2007, the Court entered a Scheduling Order, which included a number of imminent deadlines.   The deadline for collective and class certification motions and dispositive motions is this coming Friday, March 14, 2008.  (Ex. 14.)  The deadline for discovery completion is April 18, 2008.  (Id.)  The trial date is scheduled for June 9, 2008.  (Id.)  These deadlines do not allow the Court time to decide Plaintiffs' Motion for Leave to Amend the Complaint prior to the filing deadlines for collective and class certification motions and summary judgment motions.   Additionally, Plaintiffs' counsel has been informed that the Honorable John C. Shabaz, who was initially handling this case, has recently taken a leave due to medical issues.  (Ex. Clay Aff. ¶ 5.)  As a result, this case has been reassigned to the Honorable Barbara B. Crabb, and will be

---

[2]  Because the original Complaint included only one class definition which was simultaneously over and under-inclusive with reference to the numerous claims included, the attached First Amended Complaint includes separate class definitions for each claim to ensure greater clarity in the pleadings.  The original complaints defined a class going back three years from the date of the original Complaint, however the common-law claims plead in the original Complaint actually have a six-year statute of limitation.

subject to the scheduling needs of her docket.  (Ex. 17.)  Due to these changes in circumstance, Plaintiffs file this Motion to Amend the Scheduling Order.

## ARGUMENT

**I.   PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO INCORPORATE CLAIMS RESULTING FROM DEFENDANT'S UNLAWFUL TIME CLOCK ROUNDING AND TIME EDITING PRACTICES AND AUTOMATIC MEAL BREAK DEDUCTIONS SHOULD BE GRANTED IN FULL.**

Plaintiffs respectfully request that the Court grant their Motion for Leave to Amend the Complaint to incorporate claims resulting from Defendant's unlawful time clock rounding practices, time editing practices, and automatic lunch break deductions. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that pleadings may be amended by leave of court and that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2) (2008).  As the United States Supreme Court explained, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Rule 15 reflects a liberal attitude toward the amendment of pleadings, and requires that leave granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman, 371 U.S. at 182; Bethany  Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 860 (7th Cir. 2001). Because none of these circumstances exist, the Court should grant Plaintiffs leave to amend their Complaint to include Defendant's additional violations of state and federal

laws on behalf of themselves and other individuals who have been, and are presently incurring damages as a result of those violations.[3]

### A. PLAINTIFFS' AMENDMENT OF THE COMPLAINT WILL NOT RESULT IN UNDUE DELAY.

The circumstances of this case do not present an issue of undue delay.  Unless the motion to amend is "after the close of discovery or on the eve of trial," delay is not a sufficient reason to deny a motion to amend.  Dibicz v. Commonwealth Edison Co., 377 F.3d 787, 793, n. 1 (7th Cir. 2004); Sports Center, Inc. v. Brunswick Marine, 63 F.3d 649, 652 (7th Cir. 1995); Williams v. Doyle, 494 F. Supp. 2d 1019, 1031 (W.D. Wis. 2007).  Moreover, "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint . . ."  Dubicz, 377 F.3d at 792; Williams, 494 F. Supp. 2d at 1031.

Leave to amend the Complaint should not result in undue delay in this case. Because the trial-ready date is scheduled for June 9, 2008, and the discovery deadline date is not until April 18, 2008, Plaintiffs' Motion for Leave to Amend the Complaint is timely and should be granted in full.

Although it would be preferable to amend the Scheduling Order to allow adequate time for judicial notice and preparation of the case for summary judgment and trial, the

---

[3]  Alternatively, Plaintiffs seek leave to file the Amended Complaint as a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, because Defendant continues to automatically deduct thirty minutes of pay for lunch breaks, round punch times consistently in favor of Defendant and against the employees, and edit employees' punch time records.  Since this practice was not discovered until after the Complaint was filed, and continues to the present day, a supplemental Complaint pursuant to Rule 15(d) would be appropriate.

additional claims resulting from Defendant's time clock rounding and editing practices and automatic lunch break deductions will not cause undue delay in this case. The proposed claims and putative collective and Rule 23 classes are very similar to, and overlap those described in the original Complaint. Defendant has been informed since commencement of this action that its time clock procedures, manner of documenting putative class members' work time, and pay practices have been at issue. Thus, discovery has focused on Defendant's placement and use of the time clocks, Kronos system, and payroll practices. The pertinent documents and witnesses remain unchanged as a result of the proposed amendments. The information already gleaned during discovery will therefore apply to the claims in the proposed amendment.

Further, it would promote judicial efficiency and ease of the process to grant Plaintiffs' Motion. Allowing the addition of the proposed claims would serve to permit Plaintiffs to move for certification of the collective class and provide judicial notice to putative class members on the collective and Rule 23 class claims simultaneously. Thus, the proposed amendments reduce the potential delays and resulting from separate suits litigating the original and proposed claims.

Denial of Plaintiffs' Motion for Leave to Amend would create significant additional delays in the process of adjudicating the proposed claims. Plaintiffs would likely need to file a separate lawsuit to seek redress on behalf of the same individuals against the same Defendant as a result of similar violations of the law. The discovery process would simply be duplicated in a separate case, and the same witnesses would need to be recalled to provide the same testimony they have already given. There would

therefore be far greater delay as a result of denial of this Motion, causing increased costs and time for both parties and the Court.

## B. PLAINTIFFS' PROPOSED AMENDMENTS WILL NOT RESULT IN UNDUE PREJUDICE.

Likewise, Plaintiffs' proposed amendments will not result in unfair prejudice. Unfair prejudice occurs when "the amendment would cause the opposing party to bear additional discovery costs litigating a new issue." Campania Management Co., Inc. v. Rooks, 290 F.3d 843, 849 (7th Cir. 2002).  This is not the case here.

The primary issue in this case is whether Plaintiffs and similarly situated individuals were denied wages for work they performed.  Expanding the claims to include relief resulting from Defendant's time clock rounding and editing practices and automatic lunch break deductions would not significantly change these issues or the scope of discovery.

Further, as explained above, the alternative involves Plaintiffs filing a separate suit to enforce these rights, which would inevitably result in far more costs than a simple amendment to the Complaint.  Thus, granting this Motion would simply result in greater judicial efficiency, reduced delays, and drastically reduced costs for the Plaintiffs and the Defendant.  As such, Defendant cannot reasonably claim it will suffer any prejudice by the amendments in the complaint.  The primary issues in the lawsuit will not change; the documents will not change; the fact witnesses will not change.  It seems that Defendant would suffer greater prejudice if Plaintiffs are forced to file a separate suit to litigate these claims as a result of denial of this Motion.

### C.  PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT IS BROUGHT IN GOOD FAITH.

The Motion is also brought in good faith, without any dilatory motive.  When Plaintiffs initially filed their Complaint, they were not aware that Defendant was automatically deducting lunch break time, editing workers' documented work time, or rounding time clock punch times against the employees consistently.  Plaintiffs bring this Motion in an effort to seek redress for additional violations damages revealed during the discovery process.  Because the present claims and parties to the original Complaint are very similar and in some ways overlapping with the proposed amended claims and parties, Plaintiffs' proposed amended complaint serves to reduce the burden and cost of a new and separate suit, and to promote efficiency.

Additionally, the statute of limitations continues to run on the proposed putative collective and Rule 23 class members' claims until their claims are filed with the Court.  Plaintiffs' request for leave to amend also serves to preserve the statute of limitations on their claims.  The amendment is therefore sought in good faith.

### D.  PLAINTIFFS' PROPOSED AMENDMENTS ARE NOT FUTILE.

Finally, Plaintiffs' proposed amendments have a sound basis in fact and law.  A claim is only futile if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997).  Thus, unless the proposed amendments are based upon an indisputably meritless legal theory or have no factual basis, this factor is not a reason to deny Plaintiffs' Motion.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiffs' proposed amendments are not futile, and do not include significant substantive changes to the current alleged violations of law in the Complaint.  Rather, the proposed amendments include the same legal violations, based on Defendant's time clock and payroll practices, (as opposed to donning and doffing).   Plaintiffs' proposed amendments have a strong basis in fact derived from the deposition testimony of a number of Defendant's representatives and supervisory personnel.  They have their legal foundation in the Federal Fair Labor Standards Act and in the Wisconsin Statutes, which require Defendant to pay Plaintiffs and similarly situated individuals at the applicable rates and in within the requisite time frame for work they perform for Defendant. F.L.S.A. 29 U.S.C §§ 206-07, 216; Wis. Stat. § 109.03; Wis. Admin. Code §§ DWD 272.03, 274.03.   Additionally, Defendant was required to pay Plaintiffs and similarly situated individuals for any meal or rest breaks lasting less than thirty minutes in duration.  Wis. Admin. Code §§ DWD 272.04.  Moreover, the Fair Labor Standards Act regulations prohibit rounding employees' punch times when time clocks are used if the rounding is consistently in favor of the employer and against the employees, and the Supreme Court ruled that employers are required to pay employees for the time they spend donning and doffing for the employer's benefit.   29 C.F.R. 785.48(b); IBP v. Alvarez, 546 U.S. 21 (2005).  Finally, the Court previously ruled that Plaintiffs' common law claims were not futile, when it denied Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Ex. 3.)  Plaintiffs' proposed amendments are not futile, and should therefore be permitted.

## II.  PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER SHOULD BE GRANTED IN FULL.

Plaintiffs also respectfully request that the Court amend the scheduling order to extend the deadlines for conditional and class certification and summary judgment motions and for trial.  Rule 16(b)(4) of the Federal Rules of Civil Procedure permits modification of the scheduling order for good cause with judicial consent.  The good cause standard does not govern motions for leave to amend the Complaint when, as here, the scheduling order does not set a per se deadline for such motions.  See Perez v. Pavex Corp., 2002 WL 31500404 (M.D. Fla. 2002). (Ex. 15.)   However, under the circumstances of the present case, modification of the Scheduling Order is advisable. Plaintiffs request that the deadlines in the Court's current scheduling Order be extended by two months.   Alternatively, Plaintiffs' counsel can discuss amending the present scheduling order with the Court at the status conference set for March 25, 2008.

A number of considerations support a finding of good cause to modify the Scheduling Order.  The proposed claims and putative collective and class definitions are slightly different in Plaintiffs' Motion for Leave to Amend the Complaint than those alleged in the original Complaint in that the class will expand in size (all hourly employees as opposed to only manufacturing and production employees) and scope (adding people employed from January 1, 2006 to the present).  At this point, the Court does not have time to decide Plaintiffs' Motion for Leave to Amend prior to the deadline for dispositive motions.  Thus, the parties will be forced to file conditional and class certification motions and summary judgment motions with regard to claims that have not

yet been determined to be a part of the present suit.  Additionally, if Plaintiffs' motion is granted, extension of the collective and class motion deadline would serve to allow time for judicial notice to the additional proposed putative collective and class action members.  Further, extension of the trial date would facilitate full and fair adjudication of the proposed claims, reduce the likelihood of unfair surprise at trial, and eliminate any unnecessary waste of time and expense at trial.  Finally, modification of the Scheduling Order is appropriate in the unusual circumstances of this case, because of the strain on the Court's docket due to Judge Shabaz's absence.   Good cause exists to support modification of the Scheduling Order, and Plaintiffs respectfully request that the parties discuss reasonable modifications with the Court during the status conference.

## CONCLUSION

In sum, Plaintiffs' Motion for Leave to Amend the Complaint and Amend the Scheduling Order should be granted for a number of reasons.  Leave to amend the Complaint should be granted because: (1) Plaintiffs' Motion is timely; (2) the amendments would not be unduly prejudicial to Defendant in light of the alternative of filing an entirely new lawsuit with overlapping claims and duplicative discovery; (3) Plaintiffs' Motion is brought in good faith, in an effort to seek redress for damages caused by Defendant's time clock rounding practices, time editing practices, and automatic lunch break deductions; and (4) the proposed amendments are not futile, and are firmly grounded in established fact and law.  Further, amendment of the Scheduling Order would serve to: (1) ensure adequate adjudication of the proposed claims; (2) facilitate judicial notice; (3) provide the parties with sufficient time to adequately prepare

dispositive motions; and (4) ensure expedient and adequate trial preparation for all claims.  Plaintiffs therefore respectfully request that their Motion for Leave to Amend and Amend the Scheduling Order be granted.

Respectfully submitted by:

NICHOLS KASTER & ANDERSON, PLLP

Dated:  3/11/2008                    s/Jessica J. Clay

James H. Kaster   MN Bar # 53946
    WI Bar # 78918
    E-mail: kaster@nka.com
 Sarah M. Fleegel  MN Bar # 34557X
    (admitted in Western District of WI)
    E-mail: fleegel@nka.com
James J. Clay       MN Bar # 318772
    (admitted in Western District of WI)
    E-mail: clay@nka.com
Adrianna S. Haugen WI Bar #1064788
    E-mail: haugen@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Office:  (612) 256-3200
Fax:  (612) 338-4978

FOX & FOX, S.C.

Michael R. Fox    WI Bar # 01015173
    E-mail: mfox@foxquick.com
Randall B. Gold    WI Bar # 1034435
    E-mail: RGoldLaw@aol.com
124 West Broadway
Monona, Wisconsin 53716
Office:  (608) 258-9588
Fax:  (608) 258-9105