UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Kevin Kasten and James Poole
individually and on behalf of others
similarly situated,

Case No. 07-C-0449-S

        Plaintiffs,

v.

Saint-Gobain Performance Plastics Corporation,

        Defendant.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL AFFIRMATIVE SUMMARY JUDGMENT**

---

## INTRODUCTION

The facts in this case are undisputed. The Plaintiffs are employees of Defendant, a corporation that manufactures silicone and rubber components for medical devices and products such as spatulas and spoons. (Plaintiffs' Statements of Fact #25, hereinafter "Fact"). Plaintiffs are required to don and doff protective gear for Defendant without compensation. It is well established that employees should be paid for the time they work and Defendant's plant manager acknowledges this fact stating "[y]ou're paid for time worked. That's the rule." (Fact #88). But in violation of this principal, Defendant does not compensate employees for their work spent donning and doffing.

The Complaint alleges seven causes of action that fall into four categories: (1) the Plaintiffs and similarly situated individuals were not compensated for time they spent

donning personal protective gear in violation of the federal Fair Labor Standards Act ("FLSA") and Wisconsin state laws; (2) alternatively, Plaintiffs and similarly situated employees were not compensated for donning and doffing in breach of an express or implied contract; (3) Defendants were unjustly enriched by not compensating the Plaintiffs for time spent donning and doffing; and (4) because of the required donning and doffing, Plaintiffs and similarly situated employees were denied 30 minute meal periods free from work. Plaintiffs move for summary judgment on all the claims asserted in the Complaint[1]. Additionally, Plaintiff moves for summary judgment on the issues of willfulness and liquidated damages for their FLSA claims. Should the Court grant Plaintiffs' Motion, the only issue remaining in this case will be the Plaintiffs' damages.

## ARGUMENT

### I.    STANDARD OF REVIEW

Summary judgment is proper if there are no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Insolia v. Philip Morris Inc., 216 F.3d 596, 598-99 (7th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). A mere scintilla of evidence will be insufficient; there must be evidence on which a jury could reasonably find for the non-moving party. Insolia, 216 F.3d at 599. Material facts are those which might affect the outcome of the

---

[1] Plaintiffs filed a Motion to Amend the Complaint on March 11, 2008 [docket #87]. The Motion seeks to add claims based on Defendant's current practices of time-clock rounding and editing. In that Motion, Plaintiffs request an extension to the Court's pretrial schedule in this case, in order to allow Plaintiff to move for summary judgment and class certification on the new claims. If the Court grants the Motion to Amend and extension to the scheduling order, Plaintiff requests that the court delaying ruling on the instant motion so that all the claims can be resolved together.

suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine if a reasonable trier of fact could find in favor of the nonmoving party. Id. The facts are viewed in the light most favorable to the non-moving party. Id. at 248. A district court should not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue for trial. Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001).

### II. PLAINTIFFS SHOULD BE COMPENSATED FOR DONNING AND DOFFING

The core of the Fair Labor Standards Act is that employers must pay their employees a wage for all of the "work" they perform. Spoerle v. Kraft Foods Global, Inc., 527 F. Supp. 2d 860, 862 (W.D. Wis. 2007) (citing 29 U.S.C. §§ 206 and 207). Over fifty years ago, the United States Supreme Court held that "activities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the Fair Labor Standards Act if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed." Steiner v. Mitchell, 350 U.S. 247, 256 (1956). Activities are not compensable work if the activities are preliminary or postliminary to the employee's principal activities and if it occurs prior to or subsequent to the workday. Spoerle, 527 F. Supp. 2d at 863 (citing 29 U.S.C. § 254(a)(2))[2].

---

[2] There is another exception to the general rule that all "work" is compensable. Work does not include time spent changing clothes or washing at the beginning or end of each workday, if such time was excluded from measured work time under a bona fide collective bargaining agreement applicable to the particular employee. 29 U.S.C. §

3

Under state law, Wis. Admin. Code § DWD 272.12 sets forth how to interpret "hours worked" for both the minimum wage and overtime requirements of Wis. Admin. Code §§ DWD 272.03 and 274.03. Wis. Admin. Code § DWD 272.12; see also Wis. Admin. Code § 274.045. The rule provides that the term principal activities "includes all activities which are an integral part of a principal activity." Wis. Admin. Code § 272.12. The principals set forth under Wisconsin state law and the FLSA are therefore substantially the same and should be interpreted as such.

"[T]he terms "principal activity or activities," for which employees must be paid, are to be read liberally." Barrentine v. Arkansas-Best Freight System, Inc., 750 F.2d 47, 50 (8th Cir. 1984) (Barrentine II); see also Dunlop v. City Electric, Inc., 527 F.2d 394, 399 (5th Cir. 1976); Duchon v. Cajon Co., 1988 WL 12800, *4 (6th Cir. 1988). "The only activities excluded from FLSA coverage are those undertaken 'for [the employees'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer." Barrentine II, 750 F.2d at 50 (quoting Dunlop, 527 F.2d at 398). The focus of whether an activity constitutes work, is whether the time is spent predominately for the employer's benefit or for the employees'. Armour & Co. v. Wantock, 323 U.S. 126, 133-34 (1944), quoted in Spoerle, 527 F. Supp. 2d at 863.

---

203(o). In this case, the parties are not subject to a collective bargaining agreement and this exception does not apply.

### A. Plaintiffs' Donning and Doffing Activities Are Principal Activities Under the Supreme Court's Decision in Alvarez II.

Donning and doffing of safety equipment at the beginning and end of the workday are principal activities under the Portal-to-Portal Act because they are done primarily for the employer's benefit. IBP, Inc. v. Alvarez, 546 U.S. 21 (2005) ("Alvarez II"), cited in Spoerle, 527 F. Supp. 2d at 865. In Alvarez II, the Supreme Court adopted and endorsed the Ninth Circuit's conclusion in Alvarez v. IBP, Inc., 339 F.3d 894, 902-03 (9th Cir. 2003) ("Alvarez I") that the donning and doffing of protective gear are principal activities. Spoerle, 527 F. Supp. 2d at 865 (quoting Bishop v. United States, 72 Fed. Cl. 766, 780 (Fed. Cl. 2006)). In light of the Supreme Court's implicit adoption of the Ninth Circuit "integral and indispensible" standard in Alvarez II, this Court should follow that standard in the case at bar.

### B. Plaintiffs' Donning and Doffing Activities Are Integral and Indispensible to Their Principal Activities

Alvarez I clearly held that any activity which is "necessary to the principal work performed and done for the benefit of the employer" is integral and indispensible. Alvarez I, 339 F.3d at 902-03 (citing Barrentine II, 750 F.2d at 50). Where donning and doffing of gear is required "by rules of [defendant], [and] by the nature of the work, this donning and doffing is 'necessary' to the 'principal' work performed." Alvarez I, 339 F.3d at 903 (quoting 29 C.F.R. § 790.8(c), n. 65 (1999)). Donning and doffing of both unique and non-unique gear can be integral and indispensable to an employee's principal activities. Id.

5

Equipment that is required for employees to perform their job safely is an integral and indispensable part of a principal activity. Spoerle, 527 F. Supp. 2d at 864. Similarly, courts have held that if the gear is required by the employer, or an employee may be disciplined for failing to wear the gear, the donning and doffing of such equipment is integral and indispensable. Id. (citing Ballaris v. Wacker Siltronic Corp., 370 F.3d 901, 911 (9th Cir. 2004); Davis v. Charoen Pokphand (USA), Inc., 302 F. Supp. 2d 1314, 1322 (M.D. Ala. 2004)). Further, when the employee dons and doffs at the workplace, immediately before and after their shift, the activities are more likely to be integral and indispensible to the employees' principal activities. Spoerle, 527 F. Supp. 2d at 864. Wis. Admin Code § DWD 272.12 likewise provides:

> Among the activities included as an integral part of the principal activity are those closely related activities which are indispensible to its performance. If an employee in a chemical plant, for example, cannot perform their principal activities without putting on certain clothes, changing clothes on the employer's premises at the beginning and end of the workday would be an integral part of the employee's principal activity.

Id. Moreover, "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of that provision, and as a result is covered by the FLSA." Alvarez II, 546 U.S. at 37.

Defendant required the Plaintiffs to don and doff personal protective gear including: safety shoes, safety glasses, hair covers, beard covers, jump suits or smocks, fabric hoods, ear plugs, gloves, shoe covers, and arm guards. (Facts #32, 35, 37, 39, 40). Plaintiffs were not compensated for this time because they clocked-in to work before

6

donning and clocked-out before doffing. (Fact #58). These donning and doffing activities were integral and indispensible to Plaintiffs' work. The donning and doffing was required by Defendant, performed at the work-site, and was performed immediately before and after the employees' principal work. (Facts #14, 47-53). Defendant benefits from the donning and doffing because it manufactures products which must remain free from external sources of contamination, including medical products. (Fact #24, 27). Some of the gear, such as the arm guards and safety glasses, are required by Defendant because it protects the safety of the employees. (Fact #28). Defendant controls the gear, keeping, washing, disposing, and storing the gear on-site. (Fact #43). Plaintiffs donning and doffing activities are for St. Gobain's benefit and are therefore compensable under the FLSA and the corresponding state laws. This Court should grant Plaintiffs' Motion for Summary Judgment.

### C. There Is No De Minimis Exception to the FLSA and Even If This Court Adopted a De Minimis Exception, the Donning and Doffing in This Case Is Not De Minimis

As this Court stated in Spoerle, the FLSA does not contain any exception for activities that are allegedly "de minimis." Spoerle, 527 F. Supp. 2d at 864. The FLSA requires employers to pay their employees for all the time they work. 29 U.S.C. §§ 206 and 207. The FLSA does not state that work is not compensable if it takes less than ten minutes. Spoerle, 527 F. Supp. 2d at 868.

Even if this court applied a de minimis exception to this case, Plaintiffs donning and doffing does not fall within this exception. The alleged de minimis exception arises out of the principal that in some circumstances, compensating an employee for a few

7

seconds or few minutes would not be feasible.  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946).  In Anderson the Court stated:

> [t]he workweek contemplated . . . must be computed in light of the realities of the industrial world. When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

Id.  The regulation on the issue similarly provides:

> In recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded.  This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.

29 C.F.R. § 785.47 (citing Anderson, 328 U.S. at 692).  "[W]hen providing compensation for a task imposes no additional burden on the employer, there is no justification for denying the employee compensation for the task, regardless of how fast the task was performed.  Any other rule would deny employees 'the just remuneration guaranteed them by the Act for contributing their time, liberty and strength primarily for the benefit of others."  Spoerle, 527 F. Supp. 2d at 869 (quoting Anderson, 328 U.S. at 692).

There is no administrative burden on Defendant to recording the donning and doffing time of the Plaintiffs.  In fact, Defendant itself demonstrated that it could easily record the donning and doffing time in December 2006, when it moved the time clocks to

8

allow the Plaintiffs to clock-in before donning and to clock-out after doffing. Additionally, the Plaintiffs donning and doffing time is substantial. The Plaintiffs' donning and doffing time averaged between 13.15 to 14.6 minutes depending on the room location the Plaintiff was assigned to that day. (Fact #56). Most plaintiffs testified that their donning and doffing time took on average between 14 and 20 minutes. This donning and doffing time is practically ascertainable by Defendant and therefore the de minimis exception does not apply.

### III.  DEFENDANT'S FAILURE TO COMPENSATE PLAINTIFFS FOR DONNING AND DOFFING WAS WILLFUL

Claims under the FLSA are subject to a two-year statute of limitations unless the defendant's actions were willful, in which case a three-year statute of limitations applies. 29 U.S.C. §255(a). The Supreme Court has explained that an employer's violation of the FLSA is "willful" when an employer actually knows its conduct is in violation of the law or where it acts in reckless disregard for whether the conduct violates the law. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 and 135 (1988). The three year statute of limitations can apply where an employer disregarded the very "possibility" that it was violating the statute. Alvarez I, 339 F.3d at 908-09 (citing Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999).

An employer's failure to investigate whether its policies violate the law supports a finding that the employer's actions were willful. Martin v. Selker Bros., Inc., 949 F.2d 1286, 1294-95 (3d Cir. 1991) (employer knew compensation plan might violate FLSA but failed to investigate); Hardrick v. Airway Freight Systems, Inc., 63 F. Supp. 2d 898,

9

904 (N.D. Ill. 2000) (willful violation where employer took no action to determine if policies violated law); Alvarez I, 339 F.3d at 909 (employer in donning and doffing case was aware of the requirements of the FLSA "yet took no affirmative action to assure compliance with them"); Davis v. Charoen Pokphand (USA), Inc., 302 F. Supp. 2d 1314, 1327 (M.D. Ala. 2004) (defendant's failure to determine if its policies violated the statute would be reckless for purposes of the FLSA). An employer's conduct is "in reckless disregard of the requirements of the Act, among other situations, if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." 29 C.F.R. § 578.3(c)(3). An employer also fails the reckless disregard standard if he relies upon long discredited or unreasonable theories in his attempt to comply with the FLSA. Glenn v. General Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988), cert. denied, 488 U.S. 948 (1988).

In this case, Defendant's managers and human resource employees were aware of the FLSA. As early as 2005, Defendant's managers were aware of the Supreme Court's decision in Alvarez II ruling that donning and doffing was compensable. (Facts #74, 76, 77, 83, 86). Shift supervisor Dennis Woolverton questioned whether Defendant's employees should be compensated for donning and doffing but there is no evidence he investigated that question. (Fact #79). Human Resources Manager Dennis Brown knew that the law required employees to be paid for donning and doffing and he had conversations about that fact with managers at the plant. (Fact #80). Nevertheless, Brown did not look into whether workers at St. Gobain should be paid for donning and doffing. (Fact # 84). Plant manager Dan Tolles even discussed the fact that St. Gobain

10

may have been violating the law by not compensating employees for donning and doffing with Brown. (Fact #86). All of these undisputed facts demonstrate that Defendant knew about the FLSA, and knew that donning and doffing was compensable work time. Nevertheless, Defendant did not pay the Plaintiffs for this time in violation of the law. Furthermore, when Defendant eventually decided to move the time-clock, they did not move the clocks in order to comply with the FLSA, but rather because employees were forgetting to punch-in and out. (Fact #63, 64, 67, 69, 70). Essentially, Defendant did not care if it was in compliance with the FLSA and therefore its actions were clearly willful.

## IV. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES

The FLSA presumptively authorizes a district court to award liquidated double damages against employers who violate the FLSA. 29 U.S.C. § 216(b); Bankston v. State of Ill., 60 F.3d 1249, 1254 (7th Cir. 1995). A district court may choose not to award liquidated damages, or may decrease the amount of the liquidated damages, if the employer shows that it acted in good faith with reasonable grounds to believe that its actions did not violate the FLSA. 29 U.S.C. § 260; Bankston, 60 F.3d at 1254; Walton v. United Consumers Club, Inc., 786 F.2d 303, 308-312 (7th Cir. 1986); Alvarez I, 339 F.3d at 909. However, double damages are the norm and single damages are the exception in FLSA cases. Walton, 786 F.2d at 310. An employer seeking to avoid the imposition of liquidated damages under the FLSA bears a "substantial burden" in showing that it acted reasonably and in good faith." Bankston, 60 F.3d at 1254; see also Martin v. Cooper Electric Supply Co., 940 F.2d 896, 908 (3d Cir. 1991). "It is easier for a plaintiff to receive liquidated damages under the FLSA than it is to extend the statute of limitations

11

for FLSA claims." Bankston, 60 F.3d at 1254 (citing Walton, 786 F.2d at 312). Analogous to the standards for willfulness, an employer's failure to take any steps to ascertain their compliance with the FLSA indicates a lack of good faith. Id. at 1255.

As set forth *supra*., Defendant willfully violated the FLSA. Defendants' managers and HR employees were aware that donning and doffing was compensable but did not compensate the Plaintiffs for that time. Defendants' actions were not in good faith and therefore the Plaintiffs are entitled to liquidated damages in this case.

## V. PLAINTIFFS CAN RECOVER FOR DONNING AND DOFFING UNDER COMMON LAW

Plaintiffs also assert three claims under state common law: breach of contract, unjust enrichment, and quantum meruit. These claims are all alternative claims to the FLSA and state wage and hour claims. Therefore, these claims apply to: (1) the extent any individual employee is not covered by the FLSA or Wisconsin state law[3]; and (2) if this Court finds the FLSA or the state wage and hour claims inapplicable. As this Court has already ruled in denying Defendant's Motion to Dismiss, these common law claims can be alternatives to the FLSA. See e.g. Freeman v. City of Mobile, Ala., 146 F.3d 1292, 1298 (11th Cir. 1998) (allowing state law contract claims that are more generous than the FLSA); Avery v. City of Talladega, Ala., 24 F.3d 1337, 1348 (11th Cir. 1994) (holding FLSA does not preempt a state law contractual claim to recover wages for time compensable under contract but not the FLSA); Hammond v. Lowe's Home Centers, Inc., 316 F. Supp. 2d 975, 979 (D. Kan. 2004) (allowing breach of contract claim for

---

[3] The statute of limitations for these common law claims is six years. Wis. Stat. § 893.43.

unpaid wages to extent the statute of limitations on the contract claim exceeds the FLSA); Bowe v. SMC Elec. Products, Inc., 916 F. Supp. 1066, 1071-72 (D.Colo. 1996) (finding that "[the plaintiff] may recover on his breach of contract claim for unpaid overtime compensation to the extent that the statute of limitations exceeds the FLSA limitations period"); Corre v. Steltenkamp, 2006 WL 2385352, *3 (E.D. Ky. 2006) (recognizing breach of contract is alternative theory for failure to pay required compensation; pursuit of relief is not limited to FLSA or related state statutes); Kaur v. Royal Arcadia Palace, Inc., 2007 WL 4591250, *17 (E.D.N.Y. 2007) (denying defendant's motion for summary judgment on unjust enrichment and quantum meruit claims because claims were alternative theories to FLSA claims).

### A. Plaintiffs Were Denied Wages In Breach of Their Employment Contract and Implied Contract

By not paying the Plaintiffs for their time spent donning and doffing, Defendant breached an express or implied contract with the Plaintiffs. The elements of a breach of contract in Wisconsin are: (1) the existence of a contract creating obligations flowing from defendant to plaintiff; (2) a breach of those obligations; and (3) damages from the breach. Uebelacker v. Paula Allen Holdings, Inc., 464 F.Supp.2d 791 (table decision), 2006 WL 3167885, *6 (W.D. Wis. 2006) (citing Northwestern Motor Car, Inc. v. Pope, 187 N.W.2d 200, 203 (Wis. 1971); see also Ruffin v. Milwaukee Metal Products, 2007 WL 172611, *6 (E.D. Wis. 2007).

Likewise, a plaintiff may recover in quantum meruit based on an implied contract to pay reasonable compensation for services rendered. W.H. Fuller Co. v. Seater, 226

13

Wis.2d 381, 385, 595 N.W.2d 96 (Wis. Ct. App. 1999); Schawk, Inc. v. City Brewing Co., 2003 WL 1563767, *2 (Wis. Ct. App. 2003). Quantum meruit is applicable where: (1) the defendant requested the plaintiff to perform services; (2) the plaintiff complied with the request; and (3) the services were valuable to the defendant. Id.

In this case, the Plaintiffs had contracts with Defendant, either express or implied. Plaintiffs were offered employment at a specific wage rate. The Plaintiffs agreed to perform services for Defendant in exchange for their hourly wage. Defendant breached the contract by not paying the Plaintiffs for all their time worked, i.e., time spent donning and doffing. Defendant recovered value from the Plaintiffs' services in that the donning of the protective gear prevented their products from being contaminated with hair, clothing fibers, or other particles. Because Defendant breached their contracts with the Plaintiffs, this Court should grant Plaintiffs' Motion for Summary Judgment.

### B. Defendants Were Unjustly Enriched by Receiving Plaintiffs Services Without Compensating them for Such Services

Plaintiffs can also establish a claim for unjust enrichment for the time they spent donning and doffing. To prove a claim for unjust enrichment, a plaintiff must establish the following elements: (1) a benefit conferred upon the defendant by the plaintiff; (2) knowledge or appreciation of the benefit by the defendant; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof. Staver v. Milwaukee County, 289 Wis.2d 675, 712 N.W.2d 387 (Wis. Ct. App. 2006); Puttkammer v. Minth, 83 Wis.2d 686, 688-89, 266 N.W.2d 361 (Wis. 1978).

As under the contract claim, Plaintiffs provided services to Defendant by donning and doffing in preparation for their work. Defendant was aware of the time the Plaintiffs spent donning and doffing, and in fact, Defendant required the Plaintiffs to don and doff. Plaintiffs were not compensated for the time they spent donning and doffing and Defendant was able to retain the wages the Plaintiffs should have earned for this work. Defendant was unjustly enriched by Plaintiffs donning and doffing and therefore Plaintiffs' Motion for Summary Judgment should be granted.

## VI.     MEAL AND REST BREAKS

Wis. Admin. Code DWD 272.04(1) requires employers to pay all employees for "on duty" meal periods. Id. A meal period is "on duty" when the "employer does not provide at least 30 minutes free from work." When an employees' required donning and doffing time takes away from the employee's lunch break, the employee should be compensated for that time. Frank v. Gold'n Plump Poultry, Inc., 2007 WL 2780504, *9 (D. Minn. 2007) (denying employer's motion for summary judgment because donning and doffing cut into employees' lunch break); Fox v. Tyson Foods, Inc., 2002 WL 32987224, *12 -13 (N.D. Ala. 2002) (same).

In the instant case, Plaintiffs are required to doff their gear before clocking-out for the meal break, and then re-don their gear before clocking back in after their meal break. (Fact #53). With the exception of third shift workers, who receive a twenty-minute paid break, the employees at St. Gobain are given a 30-minute unpaid meal break. (Fact #54). Typically, Plaintiffs spent between 11.25 and 12.5 minutes donning and doffing during lunch. (Fact #56). The Plaintiffs' donning and doffing time at lunch resulted in a meal

15

break that is less than thirty minutes. Therefore, these meal breaks were "on duty" and Defendant was obligated to pay Plaintiffs for their entire 30-minute meal break.

## **CONCLUSION**

Plaintiffs provided services to Defendant, for Defendant's benefit, in the form of donning and doffing activities. These activities are compensable under federal and state law, yet Defendant failed to compensate their employees for donning and doffing time. Defendant did not care if it was violating the law and its actions were willful and without good faith. This Court should grant Plaintiffs' Motion in its entirety.

                               Respectfully submitted by:

                               NICHOLS KASTER & ANDERSON, PLLP

Dated: <u>March 14, 2008</u>          <u>s/Jessica J. Clay</u>

                               James H. Kaster   MN Bar # 53946
                                   WI Bar #  1001474
                                   E-mail: kaster@nka.com
                               Sarah M. Fleegel  MN Bar # 34557X
                                   (admitted in Western District of WI)
                                   E-mail: fleegel@nka.com
                               Jessica J. Clay     MN Bar # 318772
                                   (admitted in Western District of WI)
                                   E-mail: clay@nka.com
                               Adrianna S. Haugen WI Bar #1064788
                                   E-mail: haugen@nka.com
                               4600 IDS Center
                               80 South Eighth Street
                               Minneapolis, Minnesota  55402
                               Office:  (612) 256-3200
                               Fax:  (612) 338-4978

                               FOX & FOX, S.C.

                               Michael R. Fox    WI Bar # 01015173
                                   E-mail: mfox@foxquick.com
                               Randall B. Gold    WI Bar # 1034435
                                   E-mail: RGoldLaw@aol.com
                               124 West Broadway
                               Monona, Wisconsin 53716
                               Office:  (608) 258-9588
                               Fax:  (608) 258-9105