UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KEVIN KASTEN, et al.,

        Plaintiffs,

v.

SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION,

        Defendant.

Case No. 07-C-0449 C

---

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO AMEND SCHEDULING ORDER**

---

## INTRODUCTION

Three days before the deadline for submitting dispositive motions, and five weeks from the discovery deadline, Plaintiffs filed a motion to amend the Complaint and to amend the Scheduling Order. The amendments proposed to the Complaint are significant, including a re-definition of the putative class, a doubling of the proposed class period as well as the addition of new substantive claims.

Plaintiffs' Motions are untimely. The evidence that Plaintiffs rely upon to advance their new claims was known to them as early as November 2007. Accordingly, Plaintiffs could have amended the Complaint to include these claims even before expiration of the December 1, 2007 deadline to amend pleadings without leave of court. Moreover, Plaintiffs acknowledge that the tardiness of this request would necessitate an extension of the trial date and re-briefing of every major motion thus far adjudicated or already submitted in this case. For these reasons, the Motions should be denied in its entirety.

## FACTS AND PROCEDURAL BACKGROUND

I.   **LITIGATION HISTORY**

On August 15, 2007, Plaintiffs Kasten and Poole ("Plaintiffs") filed a Complaint alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin statutory and common law, claiming that they and other employees at Saint-Gobain Performance Plastics Corporation's ("SGPP") Portage, Wisconsin facility were not paid for time spent donning and doffing protective gear and sanitizing their hands.  (Affidavit of Jessica J. Clay ("Clay Aff."), Ex. 2.) Plaintiffs sought certification of their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), and their state law claims as a class action pursuant to Fed. R. Civ. P. 23.  (*Id.*)

   A.   **The Scheduling Order**

On September 18, 2007, the Court issued a Preliminary Pre-Trial Conference Order ("Scheduling Order"), setting forth certain dates governing the litigation.  (Clay Aff., Ex. 14.) According to the Scheduling Order, the parties could amend the pleadings without leave of court by December 1, 2007.  (*Id.*)  All dispositive motions, including those for class certification, were to be filed by March 14, 2008, and all discovery was to be completed by April 18, 2008.  (*Id.*) The Scheduling Order did not provide expert disclosure deadlines.  Accordingly, Rule 26(a)(2)(C), Fed. R. Civ. P. governs the timing for expert disclosures and such disclosures, with the exception of rebuttal experts, were due on March 11, 2008.  A trial date was set for June 9, 2008.  (*Id.*)

   B.   **Conditional Certification of the Collective Action**

Since then, the parties briefed and the Court conditionally certified the FLSA claims as a collective action on January 17, 2008.  The class definition contained in the conditional certification order was similar to that alleged in the Complaint, and included:

2

> All individuals who performed manufacturing and/or production work at Saint-Gobain Performance Plastics Corporation's Portage, Wisconsin facility during any time between August 15, 2004 and December 31, 2006, paid hourly by Saint-Gobain Performance Plastics Corporation or by a temporary employment agency.

(Clay Aff., Ex. 9, 10.)

Following conditional certification, judicial notice was authorized and the Court permitted individuals to opt-in to the lawsuit until March 10, 2008. (Clay Aff., Ex. 9.) Upon expiration of that deadline, approximately 150 current and former employees have filed consents to join the collective action.

### C.  Dispositive Motions

The deadline for filing of dispositive motions was March 14, 2008. (Clay Aff., Ex. 14.) On that date, both parties submitted motions for partial summary judgment. SGPP also moved to decertify the collective action previously described, on the basis that the individuals described in the proposed class are not similarly situated.

On the same date, Plaintiffs also moved for certification of a class action pursuant to Federal Rule of Civil Procedure 23. The proposed class is defined as follows:

> All hourly-paid individuals who performed manufacturing and/or production work at Defendant's Portage, Wisconsin facility during any time between August 15, 2001 and December 11, 2006.[1]

Pursuant to the Court's Order, SGPP is to respond to the motion for class certification by April 4, 2008.

### D.  Discovery

Under the existing Scheduling Order, discovery will close on April 18, 2008. The parties have spent months conducting discovery, including over two dozen depositions and the

---

[1] Plaintiffs' proposed Rule 23 class definition is similar to that alleged in the initial Complaint, except that it seeks a five and a half year class period, whereas the Complaint alleged only a three year class period. (Clay Decl., Ex. 2, ¶ 15.)

3

WHD\5701490.1

production of over one hundred thousand pages of documents, the vast majority of which were produced by SGPP. (Declaration of Anthony J. Sievert in Support of Defendant's Brief in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint and to Amend Scheduling Order ("Sievert Decl."), ¶ 2.) SGPP has deposed both putative class representatives, as well as fifteen of the Opt-In Plaintiffs who had filed declarations in support of conditional certification. *Id*. SGPP has thoroughly searched all of its electronic and hard copy files and is nearly finished producing the complete personnel files for each of the 150 Opt-In Plaintiffs. (Sievert Decl., ¶ 3)

Based upon the allegations contained in the Complaint and adduced through discovery, SGPP retained an expert witness, Dr. Jeffrey A. Fernandez, whose report SGPP timely filed and served on March 11, 2008. Plaintiffs failed to submit any reports or disclose any expert witnesses on March 11.

## II. PLAINTIFFS' NEW PROPOSED ALLEGATIONS

Plaintiffs' proposed Amended Complaint significantly changes the substantive nature of the allegations at issue and the scope of the litigation. While the Complaint alleged that production employees spent uncompensated time donning, doffing and sanitizing their hands, the proposed Amended Complaint raises three additional claims. First, Plaintiffs allege that certain employees' recorded time was reduced as an effect of certain time clock rounding practices. (Clay Aff., Ex. 1, ¶¶ 15-16.) Second, Plaintiffs now allege that SGPP "sometimes edits [employees'] clock-in or clock-out times to reflect the scheduled start or end times of the shift respectively. . . ." (Clay Aff., Ex. 1, ¶ 17.) Third, Plaintiffs now allege that for employees not assigned to third-shift, "Defendant automatically deducts 30 minutes worth of pay for unpaid lunch breaks for each work day, regardless of Plaintiffs' and similarly situated individuals'

4

clock-in and clock-out times for their lunch breaks." (Clay Aff., Ex. 1, ¶ 18.) None of these allegations appeared in any prior pleading filed in this lawsuit.

The proposed Amended Complaint also substantially expands the scope of the individuals encompassed within the class definitions. Plaintiffs now allege four Rule 23 classes that add both new types of employees and extend the class period significantly. Class One covers Wisconsin Statutory and Administrative Code claims "time clock rounding and time editing," and includes the following individuals:

> All hourly-paid individuals performing work at Defendant's Portage, Wisconsin facility during any time within the past two years, and who are not exempt from the coverage of Wisconsin Stat. § 109.01, *et seq.* or Wis. Admin Code DVD §§ 272.01, *et seq.*, 274.01, *et seq.*

(Clay Aff., Ex. 1, ¶ 29.)

Class Two covers the original donning, doffing and sanitizing claims alleged in the initial complaint, and reads:

> All hourly-paid individuals who worked in the Platinum Clean Rooms 1 and 2, General Manufacturing, Extrusion, Tool Room, Hydraulics and Development Center Molding areas of Defendant's Portage, Wisconsin facility during any time from two years prior to the filing of the Complaint to December 11, 2006, and who are not exempt from the coverage of Wisconsin Stat. § 109.01, *et seq.* or Wis. Admin Code DVD §§ 272.01, *et seq.*, 274.01, *et seq.*

Clay Aff., Ex. 1, ¶ 30.)

Class Three appears to cover the new "lunch break" allegations raised in the proposed Amended Complaint, and states:

> All hourly-paid individuals who received unpaid meal or rest breaks at Defendant's Portage, Wisconsin facility during any time within the past two years.

(Clay Aff., Ex. 1, ¶ 31.)

Finally, Class Four seeks to double the class period for all state common law claims, and asserts the broadest class definition of all:

> All hourly-paid individuals performing work at Defendant's Portage, Wisconsin facility during any time within the past six years.

(Clay Aff., Ex. 1, ¶ 32.)

The effect of these proposed amendments is to more than double the size of the class, and to add three additional substantive claims that would require substantially more discovery, new dispositive motions, as well as briefing regarding their susceptibility to class treatment.

## ARGUMENT

### I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED

Because Plaintiffs' proposed amendment to the Complaint has been filed three months after the deadline for amendment of pleadings, it is subject to Fed. R. Civ. P. 15(a). Although a district court may grant leave to amend "when justice so requires," the Rule does not command that leave be granted every time. Fed. R. Civ. P. 15(a); *Thompson v. Illinois Dept. of Professional Regulation,* 300 F.3d 750, 759 (7th Cir. 2002). Rather, a district court may deny an amendment under Rule 15 for undue delay, bad faith, dilatory motive, prejudice, or futility. *Sound of Music Co. v. Minnesota Mining & Manufacturing Co.,* 477 F.3d 910, 922-23 (7th Cir. 2007) (listing undue delay and futility as grounds for denying leave); *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th Cir. 2003); *Cognitest Corp. v. Venture Stores, Inc.,* 56 F.3d 771, 772 (7th Cir. 1995). Here, undue delay, prejudice, and futility each support denial.

#### A. Plaintiffs' Motion to Amend is Untimely and Would Cause Undue Delay

The proposed amendments described above are raised three months from trial, and would be introduced after critical deadlines in this litigation have expired. According to Plaintiffs,

amendments to the Complaint are necessary because of "additional facts" disclosed in discovery. However, each of the facts referenced in Plaintiffs' Motion for Leave to Amend was disclosed as early as November 2007, before the deadline to amend the pleadings without leave of court. (Plaintiffs' Memorandum of Law in Support of Motion for Leave to Amend the Complaint and to Amend the Scheduling Order ("Pl. Mem."), at 4-5 (*citing* Deposition of Mary Lou DeSimone (November 13, 2007); Deposition of Mark Stacey (November 14, 2007)). Despite their early knowledge of the facts underlying their proposed claims, Plaintiffs have provided no explanation for their dilatory conduct in waiting four months to raise these new allegations. Such a long delay results in a greater presumption against granting leave to amend. *See Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir. 1992); *Krueger v. Canadian Pac. R. Co.,* No. 02-C-0611, 2005 WL 1563338 (E.D. Wis. June 27, 2005) (denying leave to amend three months before trial).

Moreover, the facts show that the reason for Plaintiffs' motion is a desire to delay and complicate this litigation. Plaintiffs concede that if the Court were to grant leave to amend the Complaint at this late date, the entire Scheduling Order would need to be revamped. All dispositive motions have been filed, including those for class certification and summary judgment. According to the Seventh Circuit, when a party seeks amendment *after* summary judgment, there is an increased "likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense." *Glatt v. Chicago Park District,* 87 F.3d 190, 194 (7th Cir. 1996). Given that Plaintiffs were aware months ago of the facts underlying the proposed new claims and failed to file an amended complaint, the dilatory motive of the present motion is apparent.

Plaintiffs assert that judicial efficiency is served by allowing the proposed amendments. In short, Plaintiffs attempt to threaten a separate lawsuit, in an effort to convince the Court that

7

these new claims should be consolidated with those already being litigated. But this threat does nothing to excuse Plaintiffs' extensive delay and suspicious timing in proposing their new allegations. Moreover, the new claims are not likely to be amenable to litigation either as a collective action or a Rule 23 class action, for reasons discussed more fully below. Plaintiffs' attempt to amend the Complaint to add such inherently fact-specific, individual claims is merely an attempt to evade the established certification procedures that apply to the existing claims.

### B. Allowing the Proposed Amendments Would Prejudice SGPP

SGPP submits Plaintiffs' claim of judicial economy is illusory and the Company believes it would be better off litigating Plaintiffs' threatened lawsuit in a separate action. Permitting Plaintiffs to amend the Complaint at this stage would not only cause undue delay, it would also substantially prejudice SGPP. As noted by Plaintiffs, unfair prejudice exists when "the amendment would cause the opposing party to bear additional discovery costs litigating a new issue." *Campania Management Co., Inc. v. Rooks*, 290 F.3d 843, 849 (7th Cir. 2002). There can be no question that such prejudice exists here.

If the Court were to grant Plaintiffs' motion, the expansive changes proposed would necessitate additional discovery, and re-briefing of all prior motions. SGPP would be required to re-depose all of the class representatives and at least some Opt-In Plaintiffs to examine their standing to allege claims relating to "time clock rounding and editing practices," as well as the alleged "lunch break deductions." SGPP has already produced 103,800 pages of documents, conducted 17 depositions of Plaintiffs, and defended 11 of its witnesses. (Sievert Decl., ¶ 4.) Because of the expanded class definitions, SGPP would need to double the length of the relevant period for which it has produced documents, and once again search its files to ensure that responsive documents are produced. Indeed, even though the Amended Complaint is not

operative, Plaintiffs have already issued subpoenas to third parties seeking documents covering the more extensive proposed class period. (Sievert Decl., Exh. 1.) Presumably, Plaintiffs would seek production of these documents from SGPP as well. Moreover, SGPP would need to file a supplemental expert report addressing the new claims, which would require substantial additional time and expense. Further, both parties would be required to re-brief summary judgment motions on these issues, as well as Rule 23 class certification motions, to account for the inherently individual nature of these claims. The previously filed motions would be inoperative and irrelevant, creating significant additional work for both parties and the Court.

## II. PLAINTIFFS' PROPOSED AMENDMENTS ARE FUTILE

Plaintiffs' new claims are futile because they would not survive a partial motion to dismiss. A claim is futile if it lacks an arguable basis in law or fact. *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Here, although Plaintiffs allege three new claims as a general matter, they fail to allege that either Kasten or Poole were specifically adversely affected by "time clock rounding," "punch editing" or "lunch time deductions." The failure to include such an allegation is fatal to the Amended Complaint, and also precludes class certification of these claims.

None of the new allegations are related in any way to either Kasten or Poole. First, with respect to "time clock rounding," Plaintiffs allege that "*if* Plaintiffs or other similarly situated individuals work less than their regularly scheduled shift, they are docked pay; if they work more than their regularly scheduled shift (within ten minutes prior to their scheduled start times or within ten minutes after their scheduled stop times) they do not get paid more." (Clay Aff., Ex. 2, ¶ 16.) (emphasis added). Even if it is conceivable that some employee received less pay as a

result of any time clock rounding effect, Plaintiffs do not allege that Kasten or Poole were so affected.

Second, Plaintiffs allege that "Defendant *sometimes* edits their clock-in or clock-out times. . . ." (Clay Aff., Ex. 2, ¶ 17.) (emphasis added). Once again, the Amended Complaint fails to allege that either Kasten or Poole ever had their punches edited for any reason. Even if such an allegation were present, this claim appears particularly ill-suited for class action treatment because no facility-wide policy is alleged and individual employees would be impacted in different ways, if they were impacted at all.

Third, Plaintiffs allege that "*with the exception of employees who work on the third-shift*, Defendant automatically deducts 30 minutes worth of pay for unpaid lunch breaks for each work day. . ." (Clay Aff., Ex. 2, ¶ 18.) (emphasis added). According to Plaintiffs, donning and doffing activities may have reduced the length of these allotted lunch breaks. However, they have failed to allege that either Kasten or Poole was subject to shortened lunch periods for any reason. Plaintiffs also ignore that SGPP provides an additional five paid minutes at the end of the meal break to allow time for the employee to wash-up after their meal and "re-gown," or put their protective gear back on. (Sievert Decl., Exh. 2.) This five-minute wash-up and gowning period is compensated by SGPP. (*Id.*) Accordingly, each individual would need to make an unlikely showing that he or she spent more than five minutes before and after lunch performing donning and doffing activities in order to assert such a claim. Kasten and Poole have not alleged this, and even if they could, this claim is likewise unsuitable for class treatment due to the variations among individual donning and doffing practices.

10

**III.   PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER SHOULD BE DENIED**

To justify a modification of the Scheduling Order, Plaintiffs must show that there is "good cause." Fed. R. Civ. P. 16(b)(4). Other than boilerplate assertions that extension of the trial date "would facilitate full and fair adjudication of the proposed claims," (Pl. Mem., at 14) Plaintiffs offer nothing in support of a showing of good cause. In light of their own months' long delay in seeking to amend the Complaint, they cannot do so.

For the reasons described above, leave to amend the Complaint should be denied. Plaintiffs' motion is untimely, would cause significant delay as well as prejudice to SGPP. Moreover, the addition of the new allegations is futile, because neither of the named plaintiffs has alleged that he was the subject of the allegedly unlawful practices. If the Court denies leave to amend the Complaint, there is no reason to modify or extend the Scheduling Order.

Plaintiffs' arguments in favor of modification of the Scheduling Order simply constitute additional reasons to deny leave to amend the Complaint. Plaintiffs admit that because of the tardy filing of their motion for leave to amend, "the parties will be forced to file conditional and class certification motions and summary judgment motions with regard to claims that have not yet been determined to be part of the present suit." (Pl. Mem., at 13-14.) They also admit that without an extension of the collective and class motion deadlines (which have already passed), there would be insufficient time for judicial notice to the broadly expanded class. (*Id.*) Now, both the parties and the Court would be required to spend additional time re-briefing and deciding all of these motions yet again. To avoid this undue delay and wasted judicial effort, the Court should deny both the motion for leave to amend the Complaint and reject any modification to the Scheduling Order.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend and Amend the Scheduling Order should be denied in their entirety.

Dated this 21st day of March, 2008.

                                                Respectfully submitted,

                                                **SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION**

                                                By: ___*s/Anthony J. Sievert*___
                                                Jeffrey A. McIntyre
                                                State Bar No. 1038304
                                                Anthony J. Sievert
                                                State Bar No. 1036808
                                                Barbara J. Zabawa
                                                State Bar No. 1030917
                                                Attorneys for Defendant

Of Counsel

Whyte Hirschboeck Dudek S.C.
33 East Main Street
Suite 300
Madison, Wisconsin 53703
Phone: (608) 255-4440
Fax: (608) 258-7138