IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN KASTEN and JAMES POOLE
individually and on behalf of other
similarly situated individuals,

                                        ORDER

            Plaintiffs,

                                    07-cv-449-bbc

     v.

SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 2, 2008, I issued an order and opinion (dkt. #236) in which I addressed seven motions including a partial summary judgment motion filed by plaintiffs Kevin Kasten and James Poole. I granted plaintiffs' motion in part with respect to defendant Saint-Gobain Performance Plastics Corporation's liability for violating the Fair Labor Standards Act and Wisconsin labor law. Currently before the court is defendant's motion for clarification or reconsideration (dkt. #247) of the June 2 order and opinion.

I must begin by noting that defendant mistakenly labeled its motion as a motion filed under Fed. R. Civ. P. 59(e), which governs motions to alter or amend a judgment. Rule

1

59(e) does not apply here because no judgment has been entered in this case. Most likely defendant chose to label its motion as a Rule 59(e) motion because there is no rule of procedure governing motions for reconsideration or clarification of court orders, as opposed to a judgment. However, the absence of such a procedural rule does not make motions for reconsideration or clarification impermissible. Instead, courts generally permit parties to use such motions to bring newly discovered information or inadvertent errors relevant to a court order to a court's attention. Although defendant was incorrect in labeling its motion as a Rule 59(e) motion, it is permitted to file for reconsideration or clarification.

In discussing motions for reconsideration the Court of Appeals for the Seventh Circuit has said that "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Defendant has done just that. Defendant contends that the paid five minutes it provided plaintiffs at the end of their 30-minute unpaid meal breaks should be applied as a compensated time credit when determining the overall amount of uncompensated donning and doffing time for purposes of damages. This contention mirrors defendant's offset defense that it raised on summary judgment. At the core of defendant's current contention is a request to allow the paid five minutes to be used to offset any time when plaintiffs were uncompensated for donning and doffing. Defendant's offset argument failed as a matter of law on summary judgment; its

2

motion for reconsideration does nothing more than restate the reasons that failed to convince me otherwise on summary judgment. Therefore, defendant's motion for reconsideration will be denied.

As for defendant's request for clarification regarding the effect of the paid five minutes in determining damages, I merely reiterate the explanation provided in my previous order and opinion. It is undisputed that the paid five minutes defendant provided plaintiffs at the end of their meal periods was to be used to don protective gear and to sanitize before returning to work after lunch. That five minutes can be used when determining the time for which plaintiffs were uncompensated in relation to time plaintiffs spent donning and doffing before and after their lunch period, but it cannot be used in determining the time for which plaintiffs were uncompensated regarding donning, doffing and walking at the beginning and ending of the work day. The paid five minutes was provided to cover meal periods, not to cover all donning and doffing, and therefore, it applies only to meal periods.

ORDER

IT IS ORDERED that defendant Saint-Gobain Performance Plastics Corporation's motion for clarification or reconsideration (dkt. #247) is DENIED.

Entered this 18th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge